**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alvaro GARCIA–AMARO,**
**Defendant–Appellant.**

**No. 00–50304.**

**D.C. No. CR–99–01139–ER–1.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 2001.[*]

Decided March 8, 2001.

Before BEEZER, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

MEMORANDUM[1]

Alvaro Garcia–Amaro appeals his 70–month sentence imposed following a guilty plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Garcia–Amaro contends that the district court erred by enhancing his sentence 16–levels pursuant to U.S.S.G. § 2L1.2 for prior aggravated felony convictions which were neither charged in the indictment nor

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

admitted as his plea but which increased his sentence above the applicable statutory maximum penalty, in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Garcia–Amaro's contention is foreclosed by our decision in *United States v. Pacheco–Zepeda,* 234 F.3d 411 (9th Cir.2000) (concluding that *Apprendi* preserves the rule in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that prior convictions are sentencing factors). The district court therefore properly considered Garcia–Amaro's aggravated felonies in sentencing him although they were not charged in the indictment, admitted on the record, or proved beyond a reasonable doubt. *See Pacheco–Zepeda,* 234 F.3d 413–14; *see also Apprendi,* 120 S.Ct. at 2362.

AFFIRMED.